JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TIMOTHY HANSON
8051 Terry Street
Philadelphia, PA 19136

(b) County of Residence of First Listed Plaintiff: **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jack Meyerson, Esq.
Meyerson & O'Neill
1700 Market Street, Suite 3025, Philadelphia, PA 19103

## DEFENDANTS
HARTFORD LIFE AND ACCIDENT INSURANCE
200 Hopmeadow Street
Simsbury, CT 06089

County of Residence of First Listed Defendant: **Hartford, CT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | X 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 1132 (a) (1) (B)
Brief description of cause:
Wrongful denial of benefits

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Excess of $750,000
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: November 19, 2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Timothy Hanson- 8051 Terry Street, Philadelphia, PA, 19136

Address of Defendant: Hartford Life and Accident Insruance- 200 Hopmeadow Street, Simsbury, CT 06089

Place of Accident, Incident or Transaction: Philadelphia, Pennsylvania
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No X

Does this case involve multidistrict litigation possibilities? Yes☐ No X

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. X All other Federal Question Cases: ERISA
    (Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____Jack Meyerson_____ counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X Relief other than monetary damages is sought.

DATE: November 19, 2010 _____ _____16405_____
                              Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: November 19, 2010 _____ _____16405_____
                              Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Timothy Hanson | : | CIVIL ACTION |
| v. | : | |
| Hartford Life and Accident Insurance | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| | | |
|---|---|---|
| **November 19, 2010** | **Jack Meyerson** | **Plaintiff** |
| Date | Attorney-at-law | Attorney for |
| (215) 972-1376 | (215) 972-0277 | JMeyerson@meyersonlawfirm.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY HANSON<br>8051 Terry Street<br>Philadelphia, PA 19136<br><br>         Plaintiff<br><br>         v.<br><br>HARTFORD LIFE AND<br>ACCIDENT INSURANCE CO.<br>200 Hopmeadow Street<br>Simsbury, CT 06089<br><br>         Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Timothy Hanson, through his undersigned attorneys for his complaint against defendants alleges as follows:

### NATURE OF THE ACTION

1. This action seeks the restoration of Plaintiff's Long Term Disability (LTD) benefits, including the life insurance policy attached thereto, as well as compensation for the lapse in coverage that occurred when Plaintiff's benefits were wrongfully terminated on July 31, 2008.

2. On January 31, 2006, Plaintiff's employer, Cardinal Health, terminated his employment upon a determination that that Mr. Hanson was physically unable to work due to recurring hospitalizations for pneumonia. Plaintiff was approved for, and received, disability benefits through his employee benefits plan, administered by The Hartford Accident and Insurance Company (Hartford) for a period ending July 31, 2008.

3. Pursuant to the Hartford policy, in order to continue receiving LTD after the initial period of approval, the claimant must show that he is unable to work in any profession for which he possesses the necessary skills, experience, or training.

4. On June 30, 2008, Plaintiff was informed that he would not be eligible for continuing LTD based on Defendants' determination that he was able to perform sedentary work.

5. Under the definition provided by the Hartford policy, the ability to perform sedentary work requires the claimant to be able to sit for eight hours a day, stand and walk occasionally, and push, pull, or carry up to ten pounds.

6. Plaintiff exhausted all administrative remedies in appealing Defendants' decision to terminate his benefits, but his appeal was ultimately denied in a letter dated November 14, 2008.

7. Defendants' decision to terminate Plaintiff's LTD amounts to an abuse of discretion under the Employee Retirement Income Security Act (ERISA), and Plaintiff seeks (1) the reinstatement of his LTD, retroactive to August 1, 2008 with interest, and continuing forward until Plaintiff reaches retirement age, (2) the restoration of the $300,000 life insurance policy attached to Plaintiff's LTD benefits, (3) a declaration that Defendants' conduct was a violation of ERISA, (4) an injunction barring Defendants from engaging in any further conduct prohibited by

ERISA, (5) payment of reasonable attorney's fees pursuant to 29 U.S.C. §1132(g) for costs incurred in this action and (6) further relief as the Court deems appropriate.

## PARTIES

8. Plaintiff Timothy Hanson is 47 years of age and resides at 8051 Terry Street, Philadelphia, PA 19136. Plaintiff was hired by Cardinal Health Inc., located in Philadelphia, Pennsylvania, as a Technical Support Analyst. Cardinal Health has since been acquired by Catalent Pharma Solutions.

9. Defendant Hartford Life and Accident Insurance Company is a subsidiary of Hartford Life, the life insurance division of The Hartford Financial Services Group, is incorporated and headquartered in Connecticut, and is located at 200 Hopmeadow Street, Simbury, Connecticut 06089. At all times relevant hereto, Hartford administered the health and welfare benefits provided to employees of Cardinal Health, including the LTD policy that covered Plaintiff.

## JURISDICTION

10. Jurisdiction is expressly vested in this Court by 29 U.S.C. §1132(e)(1), and, alternatively, this Court has diversity jurisdiction under 28 U.S.C. §1332 as this is a civil action amongst citizens of different states and the amount in controversy exceeds $75,000.

## VENUE

11. Venue is proper in the Eastern District of Pennsylvania under 29 U.S.C.

§1132(e)(1) inasmuch as the breach occurred in this judicial district and Defendants do substantial business in the state of Pennsylvania.

## OPERATIVE FACTS

12. Plaintiff was hired by Cardinal Health as a Technical Support Analyst in November, 1997, and remained in that position until January, 2006, when his employment was terminated on account of disability.

13. Plaintiff was then approved for LTD from January 31, 2006 through July 31, 2008. Additionally, Plaintiff was approved for permanent Social Security Disability in October of 2006.

14. The initial determination that Plaintiff was disabled and unable to return to work followed a four month hospitalization for pneumonia which required that Plaintiff be put in a coma to stabilize his respiratory and circulatory systems.

15. The hospitalization left Plaintiff in a wheelchair, devoid of upper body strength, and breathing through a tracheal tube that would remain in place for nearly two years. Plaintiff also contracted a gangrene infection that would ultimately lead to the amputation of the toes on his right foot.

16. Underlying Plaintiff's disability are diagnoses of diabetes, deep vein thrombosis, and tracheomalacia, as well as the 2004 above-the-knee amputation of his left leg and the continuing effects of a severe spinal injury caused by a 1984 car accident.

17. From 2004 through 2006 Plaintiff used a prosthetic leg but the amputation of the toes on his remaining foot left him unable to use the device.

18. Plaintiff now relies on a wheelchair or crutches, which he can only use for brief

intervals, to maneuver around his home to accomplish basic tasks, such as using the bathroom and eating meals with his family.

19. From January, 2006 onward, Plaintiff's condition has steadily deteriorated, and by the time Defendants completed their review of Plaintiff's eligibility for LTD, Plaintiff had been hospitalized several times for causes including but not limited to: the amputation of the toes on his right foot, osteomyelitis with ulceration of the fifth metatarsal, debridement of his amputation sites, obstruction of the tracheal tube, performance of a cholecystectomy, and an adverse drug reaction leading to anaphylactic shock.

20. Plaintiff has suffered recurring vascular difficulties relating to deep vein thrombosis and has undergone between ten and twelve angioplasties as well as five vascular bypasses in his right leg.

21. During the period of Plaintiff's LTD, Plaintiff was prescribed a lengthy list of medicines, including but not limited to Humulin, Lisinopril, Restorin, Coumadin, Warfarin, insulin, Percocet, and Keflex.

22. Plaintiff's tracheomalacia has caused significant respiratory problems and, in addition to causing Plaintiff to require oxygen tanks to facilitate breathing, Plaintiff has been hospitalized on three occasions for pneumonia since January, 2006.

23. On June 30, 2008, Plaintiff received a letter from Defendant explaining that his LTD would be terminated on July 31, 2008, and further explaining that Plaintiff has a right to appeal the determination of ineligibility.

24. On September 12, 2008, Plaintiff appealed the determination of ineligibility through a letter to Defendant detailing his continuing difficulties with the amputation sites on his

right foot and further explaining that he was hardly able to stand, let alone walk, that the pain associated with his amputations was getting worse, that he had developed significant problems with his shoulder and wrist such that he could not lift his right arm above a right angle, and that his mental state had been shattered by dealing with constant and severe pain.

25. On September 23, 2008, Plaintiff received a letter from Defendant informing him that his appeal was being sent to Hartford Appeal Specialist Debra McGee and that he could expect a final determination within 45 days. Hartford then sent Plaintiff's file to MES Solutions (MESS) and its agent, Dr. Fabricio Alarcon for review.

26. On October 26, 2008, Plaintiff sent a letter to Defendant explaining that he had been out of touch because he was hospitalized for a week earlier that month for the purpose of removing infected bone in his right foot. However, doctors were unable to complete the intended surgery due to patient's extreme circulatory problems. Instead, Plaintiff underwent another revascularization procedure on his right leg.

27. Plaintiff's appeal further imparted to Defendants that Plaintiff was in a wheelchair, a condition which caused him considerable anguish because it was very painful to sit upright. Plaintiff's description of his inability to stand or sit upright obviously demonstrates his inability to perform sedentary work, as it is defined by the Hartford policy.

28. Plaintiff's appeal also noted that he was required to go to the hospital twice a day for an antibiotics IV, but that he lacked the physical and mental strength to continue the visits.

29. Despite Plaintiff's myriad health difficulties stemming from diabetes, deep vein thrombosis, and tracheomalcia, and the fact that Plaintiff informed Hartford of his constant

severe pain, inability to stand, inability to raise his right arm, and his inability to sit in the same position for an extended period of time, on November 14, 2008, Defendant Hartford arbitrarily found that Plaintiff was able to return to work in a sedentary occupation and referenced a cursory report provided by MESS and Alarcon as evidence for this determination.

30. The determination that Plaintiff could work in a sedentary occupation was arbitrary and capricious and not supported by substantial evidence.

31. At the time of Defendants' determination of ineligibility, Plaintiff was unable to work due to constant fatigue, the inability to lift or push ten pounds, the inability so stand, the inability to sit in one place for an extended period of time, the inability to raise his right arm, the inability to travel to a place of employment, and the inability to properly focus due to his constant, severe pain.

32. In reaching its determination, Defendant relied heavily on brief, inconclusive statements from two of Plaintiff's physicians while substantially ignoring Plaintiff's in-depth narrative and pictorial account of his struggles with his various disabilities.

33. The statements relied upon by Defendant were based upon outdated information rather than current medical evaluations, as it took several months and multiple requests before Plaintiff's doctors provided their reports.

34. Defendants did not receive reports from all of Plaintiff's physicians, and did not even attempt to seek a psychological evaluation, despite Plaintiff's repeated assertions that he was severely depressed and history of treating with a psychiatrist.

35. Dr. Fabricio Alarcon, whose review was relied upon as dispositive by Hartford, never saw nor treated Plaintiff, and his report does not cite any affirmative evidence that Plaintiff

was able to exert ten pounds of force. The ability to exert ten pounds of force is a threshold requirement for the ability to perform sedentary work.

36. Defendants purported to base their finding of ineligibility for LTD on records received from four of Plaintiff's physicians: Drs. Carpenter (vascular surgeon), Cooper (thoracic, pulmonary specialist), Geltzer (podiatry), and Stuttman (family practitioner). However, according to Defendant Hartford's own documents, Dr. Carpenter never submitted a functionality review, Dr. Stuttman disavowed his ability to comment on Plaintiff's functionality because he had not examined the patient in several months, and Dr. Cooper noted only that Plaintiff was not restricted from a pulmonary perspective, contingent upon a strong recovery from current treatments, and that Defendant should speak with Plaintiff's vascular surgeon and Primary Care Physician for a fuller portrait. Defendant never received information from Plaintiff's vascular surgeon, Dr. Carpenter.

37. Defendants' determination of ineligibility is based exclusively on the fact that Dr. Geltzer checked the box next to "sedentary work" on the form sent to him by Defendant Hartford, the definition of which is unclear and insufficient for the purposes of determining Plaintiff's ability to work.

38. Defendants' review of Plaintiff's case was cursory and inadequate, and ignored the obvious evidence that Plaintiff was entitled to continuing LTD.

39. An adequate review of Plaintiff's case would have revealed definitive evidence of Plaintiff's disability and eligibility for LTD.

40. Prior to the filing of this action, Plaintiff exhausted all available administrative remedies and attempted to settle the matter under the terms of Defendants' plan.

41. A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT I - WRONGFUL DENIAL OF BENEFITS

*Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B)*

42. Plaintiff incorporates the averments of Paragraphs 1 - 41 as if they were set forth here in their entirety.

43. Plaintiff is a beneficiary of an employee welfare benefits plan as defined by ERISA.

44. Defendant was charged with administering the terms of the aforesaid employee welfare benefits plan.

45. Defendant and its agents administered the plan under a conflict of interest because it had authority to terminate Plaintiff's benefits and was in a position to realize financial gains from doing so.

46. Defendant wrongfully, arbitrarily, and capriciously terminated Plaintiff's LTD after relying upon insufficient evidence, ignoring superior countervailing evidence, and generally evincing an eagerness to drop Plaintiff from the plan.

47. **Wherefore**, Plaintiff requests the following relief:

   (a) Judgment against Defendants awarding Plaintiff payment of LTD retroactive to July 31, 2008 with interest;

   (b) The reinstatement of Plaintiff's LTD, life insurance, and all other benefits

    attached thereto until he reaches retirement age;

(c) An award of reasonable attorney's fees and costs incurred in the prosecution of this action;

(d) A declaration that Defendants conduct was a violation of ERISA;

(e) An order barring Defendants from engaging in further activity barred by ERISA; and

(e) Such other and further relief as the Court may deem equitable and just.

## JURY DEMAND

Plaintiffs hereby demand a jury trial for all issues so triable.

Respectfully submitted,

Dated: November 19, 2010

_____
Jack Meyerson, Esq. (I.D. No. 16405)
Matthew Miller, Esq. (I.D. No. 309791)
Meyerson & O'Neill
1700 Market Street, Suite 3025
Philadelphia, PA 19103
Attorneys for Plaintiff, Timothy Hanson